| | | |
|---|---|---|
| **ARNOLD ABRAHAM, an individual,** *and on behalf of all others similarly situated* | * | |
| | * | **IN THE** |
| **Plaintiff** | * | **UNITED STATES DISTRICT COURT** |
| **v.** | * | **FOR THE** |
| **J.J.F. MANAGEMENT SERVICES,** *INC. d/b/a* **FITZGERALD AUTO MALLS** | * | **DISTRICT OF MARYLAND** |
| | * | **Civil Action No.** _____ |
| **Defendant** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## NOTICE OF REMOVAL

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MARYLAND**

Defendant, J.J.F. Management Services, Inc. d/b/a Fitzgerald Auto Malls, by and through its counsel, Jessica P. Butkera and Cipriani & Werner, P.C., hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441(b) and Federal Rules of Civil Procedure 81(c), and in support states:

### I.     DESCRIPTION OF ACTION

Plaintiff, Arnold Abraham ("Plaintiff"), on behalf of himself and all others similarly situated, filed his putative Class Action Complaint against J.J.F. Management Services, Inc. d/b/a Fitzgerald Auto Malls ("JJF") in the Circuit Court for Montgomery County, Maryland on or about May 2, 2025, captioned *Arnold Abraham, an individual, and on behalf of all others similarly situated v. J.J.F. Management Services, Inc. d/b/a Fitzgerald Auto Malls, Case No. C-15-CV-05-002188*. A copy of the putative Class Action Complaint

is attached to this Notice of Removal as **Exhibit A**.

Plaintiff's Complaint asserts causes of action purportedly arising from a data security incident that was discovered in February of 2024. *See* **Exhibit A** at ¶ 22. Plaintiff's alleged incident is the ***same data security incident*** at issue in several other matters already pending before this Court: *Christopher Amrine, individually and on behalf of all others similarly situated v. J.J.F. Management Services, Inc. d/b/a Fitzgerald Auto Malls*, *8:25-cv-1377-PX*, **Exhibit B**; *Alex Norwood, on behalf of himself and all others similarly situated v. J.J.F. Management Services, Inc. d/b/a Fitzgerald Auto Malls*, *8:25-cv-1399-PX*, **Exhibit C**; *Kipen Henry, on behalf of himself and on behalf of all other similarly situated individuals v. J.J.F. Management Services, Inc. d/b/a Fitzgerald Auto Malls*, *8:25-cv-1448-PX*, **Exhibit D**; and *Phillip Lamb, individually and on behalf of all others similarly situated v. J.J.F. Management Services, Inc. d/b/a Fitzgerald Auto Malls*, *8:25-cv-01508-PX*, **Exhibit E** (collectively hereinafter "the Related Actions").

Plaintiff alleges that he, along with similarly situated individuals, experienced damages because of a cybersecurity incident where data may have been accessed or acquired by an unauthorized party. *See* **Exhibit A** at ¶¶ 1, 24. Plaintiff has raised several causes of action including Negligence, Violation of Maryland Personal Information Privacy Act, and Violation of Maryland Consumer Protection Act. Defendant denies the allegations underlying each of Plaintiff's claims.

This action is removable under 28 U.S.C. §§ 1441 (a) and 1453. 28 U.S.C. §§ 1441 (a) provides for the removal of state court civil actions over which U.S. District Courts have original jurisdiction. This Court has original over this case under 28 U.S.C. §

1332(d)(2) because this is a class action in which the proposed class includes at least 100 members; the amount in controversy exceeds $5,000,000, exclusive of interests and costs; and minimal diversity exists.  As such, this action is removable pursuant to 28 U.S.C. § 1453, which provides that a class action may be removed to federal court in accordance with 28 U.S.C. § 1446.

## II.      TIMELINESS AND TECHNICAL REQUIREMENTS OF REMOVAL

Defendant was served with Plaintiff's putative Class Action Complaint on May 12, 2025. Accordingly, this removal is timely.

## III.      REMOVAL BASED ON DIVERSITY JURISDICTION

Pursuant to the Class Action Fairness Act ("CAFA"), the district courts of the United States shall have original jurisdiction in class actions where the following factors are met: (1) the proposed class contains more than 100 individuals; (2) the aggregate amount in controversy is five million dollars or more; and (3) at least one member of the plaintiff class is diverse from at least one defendant. *See* 28 U.S.C. § 1332(d).

### A.  *Minimal Diversity Exists in this Matter*

"CAFA grants subject matter jurisdiction to district courts over class actions in which the aggregate number of members of the plaintiff class is 100 or more, any member of the plaintiff class is a citizen of a state different from any defendant, and the aggregate amount in controversy exceeds $5 million." *Goff v. Caliber Home Loans, Inc.*, No. CV ELH-20-2038, 2020 WL 6204299, at *6 (D. Md. Oct. 21, 2020); *see also* 28 U.S.C. § 1332(d)(2)(A), (5)(B).  A corporation is a citizen of both the state in which it is incorporated and the state in which its principal place of business is located. See 28

U.S.C. § 1332(c). JJF is a Maryland corporation with its principal place of business at 11411 Rockville Pike in Rockville, Maryland.

With respect to residency of other members of the proposed Class, to the extent that Plaintiff seeks to represent all individuals who received notice of the subject data security incident, the notice population includes citizens residing in nearly all fifty states. Citizens of Maryland comprise less than two thirds of the proposed Class. Moreover, the named Plaintiffs in each of the Related Actions make similar assertions in support of federal jurisdiction. *See* **Exhibits B, C, D**, and **E**. Minimal diversity is therefore satisfied.

### B. *The Proposed Class Exceeds 100 Individuals*

Removal of a class action requires showing that the proposed class exceeds 100 members. *See* 28 U.S.C.A. § 1332(d)(5)(B). Plaintiff's Complaint identified the proposed class as "so numerous that the joinder of all members is impracticable. . . .there are thousands (1,000-9,999) or tens of thousands (10,000 – 999,999) of individuals…." **Exhibit A** at ¶ 78. Similar assertions are made in each of the Related Actions. Plaintiff Christopher Amrine asserts that "[u]pon information and belief, the Class numbers in the thousands." **Exhibit B** at ¶ 76; *see also* Exhibit C at ¶ 90(a) ("the Class, consist[s] of several thousand members…."); **Exhibit D** at ¶ 12 ("there are more than one hundred putative Class Members[.]"); **Exhibit E** at ¶ 18 ("[t]he number of class members is more than 100[.]").

When evaluating removal of an action, a district court determines "the nature of plaintiff's claims from the face of the complaint at the time the petition for removal was

filed." *Martin v. Lagualt*, 315 F. Supp. 2d 811, 814 (E.D. Va. 2004).

### C. The Amount in Controversy Exceeds $5,000,000

Pursuant to CAFA, a class action is removable if the aggregate sum of the class claims meets or exceeds the sum of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C.A. § 1332(d)(2). A notice of removal must include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. CAFA provides that to "determine whether the matter in controversy exceeds [$5,000,000], the claims of the individual class members shall be aggregated." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013) (internal quotation marks omitted) (citing § 1332(d)(6)).

Initially, Plaintiff alleges that the putative class contains thousands of individuals. *See* **Exhibit A** at ¶ 78. Moreover, Plaintiff seeks damages on behalf of himself and the proposed class including, statutory, treble and/or punitive damages; injunctive relief and attorneys' fees, costs, and expenses. *See* **Exhibit A**, *ad damnum* clause. The relief sought in aggregate for a putative class numbering in the thousands clearly establishes an amount in controversy in excess of jurisdictional requirements by a preponderance of the evidence. Additionally, each of the Related Actions asserts that the amount in controversy exceeds five million dollars. *See* **Exhibits B, C, D**, and **E**.

## IV.    NOTICE TO ADVERSE PARTY AND THE CIRCUIT COURT OF MARYLAND FOR MONTGOMERY COUNTY

JJF filed a Notice of Removal in the Circuit Court of Maryland for Montgomery County. **Exhibit F**. Promptly after filing this Notice of Removal, JJF will file a Notice of Filing of Notice of Removal, providing written notice of this removal to Plaintiff.

Respectfully submitted,

/s/ Jessica P. Butkera
Jessica P. Butkera (Federal Bar No.: 29875)
Cipriani & Werner, P.C.
6411 Ivy Lane, Suite 600
Greenbelt, Maryland 20770
410-420-0700
jbutkera@c-wlaw.com
*Attorneys for Defendant, J.J.F. Management
Services, Inc. d/b/a Fitzgerald Auto Malls*

**I HEREBY SOLEMNLY DECLARE AND AFFIRM** under the penalties of
perjury that the facts herein states are true and correct to the best of my knowledge,
information and belief.

/s/ Jessica P. Butkera
Jessica P. Butkera (Federal Bar No.: 29875)

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of June, 2025, a copy of the foregoing was
filed and served by electronic submissions via CM/ECF, in accordance with the Federal
Rules of Civil Procedure and the Local Rules of the United States District Court for the
District of Maryland, and was mailed first-class, postage prepaid, to:

Eric Menhart, Esq.
Lexero Law
80 M St. SE, Suite 100
Washington, DC 20003
*Attorneys for Plaintiff*

/s/ Jessica P. Butkera
Jessica P. Butkera (Federal Bar No.: 29875)